Lien Thi Bich PHAM, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–76394.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2007.

Filed March 5, 2007.

See also 104 Fed.Appx. 125.

Lisa S. Brodyaga, Refugio Del Rio Grande, San Benito, TX, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Melissa Neiman–Kelting, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

MEMORANDUM *

Lien Thi Bich Pham, a native and citizen of Vietnam, petitions for review of the

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an Immigration Judge's order denying her application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review questions of law de novo, and we review the BIA's factual findings for substantial evidence. *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090 (9th Cir.2000). We deny the petition for review.

█ Pham has not established that former prostitutes or repatriates in Vietnam constitute particular social groups.[1] *See id.* at 1093 (defining "particular social group" as "one united by a voluntary association, including a former association, *or*, by an innate characteristic that is so fundamental to the identities or consciences of its members that members either cannot or should not be required to change it."); *see also Ochoa v. Gonzales*, 406 F.3d 1166, 1170 (9th Cir.2005) (holding that a "particular social group" must be narrowly defined); *Sanchez–Trujillo v. INS*, 801 F.2d 1571, 1577 (9th Cir.1986).

█ Even if Pham had established that former prostitutes or repatriates in Vietnam constituted particular social groups, the evidence does not compel the conclusion that Pham has a well-founded fear of future persecution on account of being a former prostitute or a repatriate. First, Pham did not establish past persecution. The police did not arrest or physically harm Pham; they required her to report to the police station and threatened to send her to a reeducation camp if she did not leave Vietnam. The harassment she endured from local police during her visit to Vietnam did not rise to the level of persecution. *See, e.g., Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). Thus, Pham is not entitled to a rebuttable presumption of a well-founded fear of future persecution. *See Ladha v. INS*, 215 F.3d 889, 897 (9th Cir.2000).

Second, the record evidence reflects that prostitution is widely tolerated by the Vietnamese government, which permits efforts by non-governmental entities to help victims of prostitution. Similarly, the evidence shows that while the government monitors repatriates, it is generally ambivalent toward them. *Cf. Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (persecution defined as "the infliction of suffering or harm upon those who differ ... in a way regarded as offensive.") (internal quotation marks and citation omitted). Thus, Pham has not "adduc[ed] credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Ladha*, 215 F.3d at 897 (internal quotation marks and citation omitted).

**PETITION FOR REVIEW DENIED.**

---

by 9th Cir. R. 36–3.

1. Pham also argues on appeal that close relatives of people deemed security threats constitute a "particular social group" and that she is a member of this group because her father was sent to a reeducation camp for a few years after the Vietnam war. We do not address this argument because Pham did not claim this as a ground in her asylum application. She asserted a fear of persecution "based on [her] membership in particular social groups, women who have worked as prostitutes, and as an individual who has left Vietnam permanently."